IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KACIE MAXWELL and <br> DANA POINDEXTER, <br>     Plaintiffs, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF CHILDREN <br> AND FAMILY SERVICES, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    Case No. 25-cv-3247 <br> ) <br> ) <br> ) <br> ) |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are pro se Plaintiffs Dana Poindexter and Kacie Maxwell's Motion for Stay Order and Preliminary Injunction (Doc. 3). For the following reasons, the Motion is DENIED and Plaintiffs' constitutional claims are dismissed without prejudice on abstention grounds.

**I.     BACKGROUND**

Plaintiffs' August 25, 2025 Complaint names Illinois Department of Children and Family Services ("Illinois DCFS"), Missouri Department of Children and Family Services ("Missouri DCFS"), various Illinois and Missouri DCFS employees, several Montgomery County employees, Mid-Minnesota Legal Aid and one of its staff members, and five private citizens as defendants. (Doc. 1). Maxwell is the legal guardian and mother of 4-year-old M.T. and 11-year-old K.T. Poindexter is Maxwell's mother.

Plaintiffs allege state officials and private individuals are fabricating evidence to remove M.T. from Maxwell's care without cause. The Complaint states that on November

13, 2024, an employee of Mid-Minnesota Legal Aid filed a fraudulent report that initiated an Illinois DCFS investigation into Maxwell. On November 18, 2024, an Illinois DCFS case investigator forced Maxwell to sign papers transferring custody of M.T. to Poindexter, with the threatened alternative being M.T.'s placement in foster care. (*Id.* at ¶ 3). On November 23, 2024, Maxwell executed and served a notarized "Recission of *Parens Patriae* Jurisdiction" on several Illinois DCFS employees and state officials. (*Id.* at ¶ 12). Several months later, on March 3, 2025, an Illinois DCFS supervisor filed a petition for wardship of M.T. but not K.T. despite identical circumstances. A state court hearing is scheduled for September 3, 2025 to remove M.T. from Maxwell's care unless she complies with unspecified demands. (*Id.* at ¶ 13).

In Count I, Plaintiffs seek to bring a "class of one" equal protection claim on the basis Defendants intentionally and arbitrarily targeted M.T. for removal while ignoring K.T. despite the children being similarly situated in all material respects. Count II alleges Defendants violated Maxwell's due process rights by initiating an investigation based on fraudulent evidence, coercing Maxwell into signing away guardianship of M.T., failing to properly serve Poindexter, proceeding in a court without jurisdiction, and pursuing M.T.'s removal without legitimate adjudication of neglect. In Count III, Plaintiffs assert Defendants engaged in a conspiracy under 42 U.S.C. § 1985 by entering into an agreement to unlawfully remove M.T. from Maxwell, thereby depriving them of equal protection and due process rights. Count IV alleges Defendants formed an enterprise to interfere with Maxwell's parental rights through fraudulent and coercive means in violation of 18

U.S.C. § 1962(c) and (d). Counts V, VI, and VIII respectively allege forgery and fraud, kidnapping, and loss of consortium under state law. In Count VII, Plaintiffs assert Illinois DCFS violated various federal regulations governing parental rights, educational privacy, and nondiscrimination.

Plaintiffs seek a declaratory judgment that Defendants violated Plaintiffs and Maxwell's children's constitutional rights; an injunction enjoining the September 3, 2025 state hearing and prohibiting Defendants from removing M.T. from Maxwell's care; a stay of all relevant Illinois DCFS and state court juvenile proceedings; a protective order prohibiting Defendants from contacting Plaintiffs; and damages.

## II.    DISCUSSION

Maxwell filed a similar complaint alleging nearly identical facts and constitutional claims on July 28, 2025. That case also asked the court to enjoin an upcoming state court proceeding—a wardship hearing for M.T. There, the Court dismissed Maxwell's case on abstention grounds. *See Maxwell v. Illinois Dep't of Child. & Fam. Servs. et al.*, No. 25-CV-3221, (C.D. Ill. Aug. 4, 2024). The Court does not see why it should not again invoke abstention. *See Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 524–25 (7th Cir. 2021) (finding courts may raise abstention *sua sponte* where appropriate). The United States has a dual courts system where cases can be brought in state or federal court. Once a case is brought in state court, the *Younger* abstention doctrine instructs federal courts to not interfere with certain pending proceedings. *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). This doctrine is born out of the "concern that federal interference with certain types

of state proceedings is unwise and unnecessary in a system of dual sovereigns, and it requires that federal courts dismiss such cases rather than interfere in state affairs." *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (internal citation omitted). The *Younger* principles apply to claims based on constitutional challenges. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590 (7th Cir. 2007).

Courts have upheld federal abstention in state child-welfare and child-custody proceedings. *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). For example, in *J.B. v. Woodard*, a father brought constitutional claims against Illinois DCFS employees arguing their conduct led to a state court order impacting his parenting time. 997 F.3d 714. The Seventh Circuit found abstention appropriate, concluding the father's complaint was specifically designed to shape or change the direction and course of pending state court appellate proceedings. *Id.* at 723. The Court reaches the same conclusion here. Plaintiffs' constitutional claims are expressly brought to enjoin or otherwise prevent state court proceedings from moving forward. Furthermore, state judicial proceedings offer an adequate opportunity for review of Plaintiffs' constitutional claims. As such, the Court will not exercise jurisdiction over Plaintiff's constitutional claims and will not enjoin the pending state court proceedings. Counts I, II, and III are hereby DISMISSED without prejudice and Plaintiffs' Motion for Stay Order and Preliminary Injunction is DENIED. (Doc. 3). Not all of Plaintiffs' claims so clearly prompt abstention. *Younger* abstention only applies to claims for equitable relief, so Plaintiffs' federal statutory and regulatory claims

and state claims survive to the extent they do not seek enjoinment of state court proceedings. *Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995).

### III.   CONCLUSION

Based on the foregoing reasons, the Court declines to exercise jurisdiction over Plaintiffs' constitutional claims. Counts I, II, and III are DISMISSED without prejudice and Plaintiffs' Motion for Stay Order and Preliminary Injunction is DENIED. (Doc. 3).


Enter: 9/2/2025                                              *s/ Colleen Lawless*
                                                          COLLEEN R. LAWLESS
                                                       UNITED STATES DISTRICT JUDGE