IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KACIE MAXWELL and DANA POINDEXTER, Plaintiffs, | )<br>)<br>)<br>) |
| v. | ) Case No. 25-cv-3247 |
| ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, et al., Defendants. | )<br>)<br>)<br>)<br>) |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is pro se Plaintiffs Dana Poindexter and Kacie Maxwell's Motion to Reinstate Counts I, II, and III. (Doc. 9).

### I.    BACKGROUND AND ANALYSIS

Plaintiffs Kacie Maxwell and Dana Poindexter sued multiple state agencies, public employees, and private citizens alleging they fabricated evidence to remove Maxwell's child from her care without cause. (Doc. 1). Plaintiffs brought multiple claims, including three constitutional counts, and asked the Court for a preliminary injunction to stay state court proceedings related to the removal of Maxwell's child. (Doc. 3). The Court denied the request for preliminary injunction and dismissed Plaintiffs' constitutional claims on abstention grounds. (Doc. 7). Plaintiffs now ask for the constitutional claims to be reinstated because they allege the wardship petition for Maxwell's child has been withdrawn, terminating the underlying state proceedings. (Doc. 9). However, in a motion filed four days later, Plaintiffs assert the wardship petition had not been withdrawn and

asked the Court to order its withdrawal. (Doc. 11 at 1, 4). That motion alleges the state intended to withdraw the wardship petition but had not yet done so. (*Id.* at 1). Based on the foregoing, Plaintiffs' motion is DENIED.

Even if Plaintiffs verified that the wardship petition had been vacated, the legal authority they cite does not support their motion. Plaintiffs argue *People v. S.S.* holds that when a state action is withdrawn, related claims may be revived. 146 Ill. App. 3d 681 (1986). But *S.S.* instead found that a state court did not have jurisdiction over a wardship adjudication because the minor's legal guardian had not been properly put on notice of the proceedings. *Id.* at 682-83. There, a state appeals court reviewed a state trial court's decision and reversed it. In this case, Plaintiffs have asked for a federal court to stop pending state court proceedings. (*E.g.* Docs. 1, 3, 11). As the Court previously explained, it will not unduly "interfere in state affairs," both now and moving forward. (Doc. 7 at 4) (quoting *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014)).

II.  CONCLUSION

Accordingly, Plaintiffs' Motion to Reinstate Counts is DENIED. (Doc. 9).

ENTER: 10/20/2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE